UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONNIE MITCHELL, | Case No. 2:17-CV-2188 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is defendant Las Vegas Metropolitan Police Department's ("LVMPD") motion to dismiss. (ECF No. 4). Plaintiff Ronnie Mitchell filed a response (ECF No. 8), to which defendant replied (ECF No. 10).

Also before the court is defendant Officer R. Shoemaker's motion to dismiss. (ECF No. 5). Plaintiff filed a response (ECF No. 9), to which defendant replied (ECF No. 11).

**I.  Facts**

On August 13, 2015, plaintiff was arrested by Shoemaker and the LVMPD in Clark County, Nevada. (ECF No. 1). After plaintiff was taken into custody, Shoemaker stepped on plaintiff's left hand, breaking it in three places. *Id*.

Shoemaker took plaintiff to University Medical Center ("UMC"). *Id*. Plaintiff was given medical treatment for his hand and was instructed to promptly follow up with an orthopedic surgeon. *Id*. Plaintiff remained in custody with LVMPD, which refused to provide for further medical treatment. *Id*.

Plaintiff alleges that, as a result of LVMPD's delay in treatment for his hand, his injuries were worsened and required surgery to repair. *Id*. Plaintiff's injuries are permanent. *Id*.

**James C. Mahan**
**U.S. District Judge**

On August 14, 2017, plaintiff filed a complaint naming the LVMPD and Shoemaker as defendants.[1] *Id.*

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

---

[1] Plaintiff's complaint also named as defendants Doe Officers I through X and Roe Business Entities XXI through XXX. (ECF No. 1).

James C. Mahan
U.S. District Judge

- 2 -

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

LVMPD and Shoemaker filed separate motions to dismiss plaintiff's claims against them. (ECF Nos. 4, 5).

*a. Plaintiff's claims against LVMPD*

LVMPD argues that both plaintiff's first cause of action for violations under § 1983, and plaintiff's second cause of action for negligence under state law should be dismissed. (ECF No. 4).

i. *Plaintiff's § 1983 claim against LVMPD*

LVMPD argues that plaintiff's first cause of action, brought under § 1983, should be dismissed because the claim only alleges that Shoemaker "willfully, negligently and recklessly" disregarded plaintiff's safety by refusing to allow plaintiff to receive additional medical treatment for his hand resulting in additional injury. (ECF No. 4). LVMPD asserts this claim fails as to LVMPD because (1) a municipality cannot be held liable under § 1983 on a *respondeat superior* theory of liability, and (2) plaintiff has not alleged how an LVMPD policy or custom deprived him of this right. *Id*.

Plaintiff argues that for his § 1983 claim against LVMPD to survive a motion to dismiss, he need only allege facts to state a claim for relief that is plausible on its face. (ECF No. 8). Plaintiff asserts that he has met that burden by alleging that the conduct of Shoemaker violated the policies and procedures of LVMPD and that LVMPD violated plaintiff's constitutional rights. *Id*.

. . .

. . .

In *Monell v. Department of Social Services*, the court found that the language of § 1983, as it was originally passed

> plainly imposes liability on a government that, under color of some official policy, "causes" an employee to violate another's constitutional rights. At the same time, that language cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor.

436 U.S. 658, 692, 98 S. Ct. 2018, 2036 (1978). The court in *Monell* held that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id*. at 694. However, a local government may be held liable under § 1983 when "execution of a government's policy or custom . . . inflicts the injury." *Id*.

In *Miranda v. City of Cornelius*, the Ninth Circuit held that
> In order to impose liability based on a policy of deliberate inaction, the plaintiff must establish: (1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation.

429 F.3d 858, 868 (9th Cir. 2005).

Plaintiff's response acknowledges that claims against a municipality for deliberate inaction under the Eighth Amendment require that the municipality have a policy that amounts to deliberate indifference of a constitutional right. (ECF No. 8). However, plaintiff fails to allege that LVMPD has such a policy. *Id*.

Plaintiff also argues that immunity cannot be applied to LVMPD because an officer has been alleged to have affirmatively caused harm to the plaintiff and that LVMPD failed to adequately train its officers. *Id*. However, these allegations are unsupported and amount to mere speculation. Plaintiff has failed to identify a specific LVMPD policy that amounts to deliberate indifference. *Id*. Further, plaintiff's complaint alleges that Shoemaker's actions violated the LVMPD policy and therefore does not support imposing liability on the LVMPD. *See Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388 (1997) (holding that to impose liability on a municipality, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury"); see also *Monell*, 436 U.S. at 694.

Accordingly, plaintiff's first cause of action against LVMPD for violation of his Eighth Amendment rights under § 1983 is dismissed.

*ii. Plaintiff's second cause of action against LVMPD*

LVMPD argues that plaintiff's second cause of action should be dismissed because it fails to comply with the two-year limitations period within NRS § 41.036(2) to file a claim arising out of a tort against any political subdivision of the state. (ECF No. 4).

NRS § 41.036(2) states that "[e]ach person who has a claim against any political subdivision of the State arising out of a tort must file the claim within 2 years after the time the cause of action accrues with the governing body of that political subdivision."

District courts have determined that LVMPD is a "political subdivision of the State" and have addressed similar challenges to claims under NRS § 41.036(2). *See Hartrim v. Las Vegas Metro. Police Dep't*, No. 2:11-cv-00003-RLH-PAL, 2011 U.S. Dist. LEXIS 74945, at *6 (D. Nev. July 8, 2011); *see also Zaic v. Las Vegas Metro. Police Dep't*, No. 2:10-CV-01814-PMP-GWF, 2011 U.S. Dist. LEXIS 24956, at *8 (D. Nev. Mar. 11, 2011).

Section 41.036(2) does not require a plaintiff to give notice as a condition precedent to filing suit, however, it does give "a claimant two years to notify the State's political subdivision of the claim." *Zaic*, 2011 U.S. Dist. LEXIS 24956, at *13. Applying this time limitation, the court in *Hartrim*, held that the "[p]laintiff's claim is barred because [p]laintiff did not serve notice of the complaint within the time period set forth by the statute. *Hartrim*, 2011 U.S. Dist. LEXIS 74945, at *7.

LVMPD asserts that it is a "political subdivision of the State." (ECF No. 4). Therefore, LVMPD argues that to comply with NRS 41.036(2), Nevada law required plaintiff to present his claims to LVMPD no later than August 13, 2017, two years after the August 13, 2015 incident allegedly giving rise to plaintiff's negligence claim. *Id*. However, plaintiff did not serve LVMPD until August 18, 2017. *Id*.

Plaintiff does not address LVMPD's challenge to his second cause of action. (ECF No. 8).

Therefore, because NRS § 41.036(2) creates a two-year statute of limitations and plaintiff did not file his complaint with the governing body of the LVMPD within the statute of limitations, plaintiff's second cause of action against LVMPD is dismissed.

. . .

James C. Mahan
U.S. District Judge

- 5 -

*b. Plaintiff's claims against Shoemaker*

Shoemaker asserts that both plaintiff's first cause of action under § 1983 and second cause of action for negligence under state law against him should be dismissed. (ECF No. 5).

*i. Plaintiff's § 1983 claim against Shoemaker*

Shoemaker asserts that plaintiff's first cause of action against him should be dismissed because plaintiff has failed to state a cognizable negligence claim under § 1983. (ECF No. 5). Shoemaker asserts that because negligence claims are not the sort of abuses the due process clause was intended to protect against. (ECF No. 5). Shoemaker argues that plaintiff's § 1983 claim attempts to use the Constitution to further a tort law claim and should accordingly be dismissed. *Id*.

Plaintiff does not directly address Shoemaker's argument that his § 1983 claim should be dismissed because constitutional claims are not intended to supplant traditional tort claims for negligence. (ECF No. 9). However, plaintiff does assert that he has sufficiently alleged his § 1983 causes of action and that his claims should, therefore, not be dismissed. *Id*.

*1. Plaintiff's due process allegation*

In *Daniels v. Williams*, the Supreme Court of the United States held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986). The Court reaffirmed this in *Kingsley v. Hendrickson*, where it held that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." 135 S. Ct. 2466, 2472 (2015) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)); *see also Francis v. California*, 303 F. App'x 427, 429 (9th Cir. 2008) (holding that the district court was correct to dismiss the due process claim because "[t]he facts alleged in the fourth amended complaint allege only negligence.").

However, in *County of Sacramento v. Lewis*, the Court held that some official acts amounting to recklessness or gross negligence may be actionable. 523 U.S. 833, 849, 118 S. Ct. 1708, 1718 (1998). The court held that this analysis should not be mechanically applied and stated that "[d]eliberate indifference that shocks in one environment may not be so patently egregious in

another, and our concern with preserving the constitutional proportions of substantive due process demands an exact analysis of circumstances before any abuse of power is condemned as conscience-shocking." *Id*. at 850.

In his complaint, plaintiff asserts that Shoemaker "intentionally and/or negligently and with [reckless] disregard" stepped on plaintiff's hand causing injury. (ECF No. 5). While plaintiff includes "intentionally" as a possible mental state for Shoemaker when the alleged violation occurred, plaintiff provides no factual assertions supporting the claim that Shoemaker acted intentionally. Further, facts relating to his allegation that Shoemaker acted negligently and with reckless disregard are also insufficient to demonstrate that Shoemaker's actions were "so patently egregious" to make the claim actionable under the Fourteenth Amendment.

Plaintiff's allegation that Shoemaker negligently stepped on his hand does not support a Due Process claim and plaintiff's claim that Shoemaker intentionally stepped on plaintiff's hand does not amount to more than speculation. Therefore, because a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss, plaintiff has not met his burden. *See Iqbal*, 556 U.S. at 678 (citation omitted).

### 2. *Plaintiff's equal protection allegation*

Shoemaker argues that plaintiff has failed to support his equal protection allegations with specific facts that Shoemaker intended to discriminate against him based on his membership in a protected class, and that he has not provided evidence of a governmental activity that was discriminatory. (ECF No. 5).

> The Equal Protection Clause "commands that no State shall 'deny to any persons within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Williams v. Vidmar*, 367 F. Supp. 2d 1265, 1269-70 (N.D. Cal. 2005) (quoting *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985)). To establish an equal protection violation, a plaintiff must show the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

*Gardner v. Las Vegas Metro. Police Dep't*, No. 2:16-cv-01384-GMN-CWH, 2018 U.S. Dist. LEXIS 32833, at *11 (D. Nev. Feb. 28, 2018).

Plaintiff alleges no facts in his complaint that would support the assertion that Shoemaker violated his equal protection rights by stepping on his hand "intentionally and/or negligently and with [reckless] disregard." *See* (ECF No. 9). Therefore, plaintiffs equal protection claim fails.

### ii. *Plaintiff's second cause of action against Shoemaker*

Shoemaker asserts that plaintiff's second cause of action should be dismissed because Shoemaker is entitled to discretionary function immunity. (ECF No. 5). Shoemaker also argues that the second cause of action should be dismissed because it does not comply with NRS § 41.036(2). *Id*.

Plaintiff asserts that Shoemaker is not entitled to discretionary immunity. (ECF No. 9). Plaintiff also asserts that Shoemaker acted in bad faith because his willful or deliberate disregard for plaintiff's rights caused plaintiff's injuries. *Id*.

### 1. *Discretionary function immunity*

Shoemaker asserts that plaintiff's second cause of action against him for negligence should be dismissed because Shoemaker is entitled to discretionary immunity. (ECF No. 5). Shoemaker argues that discretionary immunity protects him because the decision to arrest plaintiff and the methods used to do so were discretionary and Shoemaker did not cause injury in bad faith. *Id*.

Nevada has waived its general state immunity under NRS § 41.031. Nevada's waiver of immunity is not absolute and the state has retained a "discretionary function" form of immunity for officials exercising policy-related or discretionary acts. *See* NRS § 41.032.

The Nevada Supreme Court adopted the United States Supreme Court's *Berkovitz-Gaubert* two-part test regarding discretionary immunity. *See Martinez v. Maruszczak*, 123 Nev. 433, 168 P.3d 720, 722, 728-29 (Nev. 2007). Under Nevada law, state actors are entitled to discretionary-function immunity under NRS § 41.032 if their decision "(1) involve[s] an element of individual judgment or choice and (2) [is] based on considerations of social, economic, or political policy." *Id*. at 729. "[F]ederal courts applying the *Berkovitz-Gaubert* test must assess cases on their facts, keeping in mind Congress' purpose in enacting the exception: to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *See id*. at 729 (quoting *United States v. S.A. Empresa de*

*Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814, 104 S. Ct. 2755, 81 L. Ed. 2d 660 (1984)) (internal quotation marks omitted).

Police officers "exercise[ ] discretion and [are] thus generally immune from suit where the act at issue require[s] 'personal deliberation, decision, and judgment,' rather than 'obedience to orders, or the performance of a duty in which the officer is left no choice of his own.'" *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1168 (9th Cir. 2014) (citing *Davis v. City of Las Vegas*, 478 F.3d 1048, 1059 (9th Cir. 2007)). However, "acts which violate the Constitution are not discretionary." *Estate of Sauceda ex rel. Sauceda v. City of N. Las Vegas*, no. 2:11-cv-02116-APG-NJK, 2015 U.S. Dist. LEXIS 25867 2015 WL 871611, at *9 (D. Nev. Mar. 2, 2015), reconsideration denied sub nom. *Estate of Sauceda v. City of N. Las Vegas*, no. 2:11-cv-02116-GMN-NJK, 2015 U.S. Dist. LEXIS 160909, 2015 WL 7737338 (D. Nev. Dec. 1, 2015).

In analyzing the second factor for the Nevada test for discretionary immunity, the trial court does not determine a police officer's "subjective intent in exercising the discretion conferred by statute or regulation, but [rather focuses] on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id*. at 728 (quoting *United States v. Gaubert*, 499 U.S. 315, 325, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991)).

As for the first factor of the test for discretionary-function immunity under NRS § 41.032, Shoemaker has asserted that the decision to arrest and the method of doing so were discretionary. (ECF No. 5). Regarding the second factor, Shoemaker has alleged that his actions were rooted in policy considerations. (ECF No. 11). Shoemaker cites to *Sandoval v. Las Vegas Metropolitan Police Department*, 854 F. Supp. 2d 860, 881 (D. Nev. 2012), where the court held that "the officers' decision to arrest plaintiffs is 'fundamentally rooted in policy considerations, and that judicial second-guessing of this decision thus is not appropriate.'" *Id*. (quoting *Mesa v. United States*, 123 F.3d 1435, 1438 (11th Cir. 1997)).

Plaintiff cites to *Davis v. City of Las Vegas*, 478 F.3d 1048, 1061 (9th Cir. 2007), to assert that where an officer arrests a citizen in an abusive manner "because of hostility toward a suspect or a particular class of suspect . . . or because of a willful or deliberate disregard for the rights of a particular citizen or citizens," then the officer's conduct amounts to bad faith and the officer is not

immune. (ECF No. 9). However, plaintiff has not shown that the holding in *Davis* is applicable to this case. The facts in *Davis* are vastly different than those presented here and plaintiff has not otherwise alleged facts amounting to more than mere speculation that Shoemaker acted with hostility or with "a willful or deliberate disregard" for plaintiff's rights.

Because the court finds that Shoemaker meets the two factors of the discretionary immunity test, Shoemaker is entitled discretionary immunity as to plaintiff's second cause of action.

2. *Statute of limitations on plaintiff's second cause of action*

Shoemaker argues that plaintiff's second cause of action should be dismissed for failure to comply with NRS § 41.036(2). (ECF No. 5). Plaintiff fails to address this challenge.

Because the court has determined that Shoemaker is entitled to discretionary immunity as to the second cause of action, it will not address this challenge.

*c. Timeliness of plaintiff's first cause of action against LVMPD and Shoemaker*

LVMPD and Shoemaker argue that both plaintiff's first cause of action is time-barred because it was brought after the statute of limitations expired and should therefore be dismissed. (ECF Nos. 4, 5). As LVMPD and Shoemaker acknowledge in their replies, plaintiff's § 1983 claim is not time-barred. (ECF No. 10).

**IV. Conclusion**

In sum, the court will dismiss plaintiff's first and second causes of action against both LVMPD and Shoemaker.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that LVMPD's motion to dismiss (ECF No. 4) be, and the same hereby is, GRANTED.

IT IS FURTHER HEREBY ORDERED that SHOEMAKER'S motion to dismiss (ECF No. 5) be, and the same hereby is, GRANTED.

DATED March 30, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 10 -